**DIAMOND CHEMICAL COMPANY, INC., Plaintiff,**

v.

**AKZO NOBEL CHEMICALS B.V.;** Akzo Nobel Functional Chemicals, L.L.C.; and Atofina Chemicals, Inc., Defendants.

**No. 01CV02118(CKK).**

United States District Court, District of Columbia.

Dec. 21, 2001.

Ann Catherine Yahner, Cohen, Milstein, Hausfeld & Toll, P.P.L.C., Washington, DC, for plaintiff.

D. Jarrett Arp, Gibson, Dunn & Crutcher, L.L.P., Washington, DC, for Akzo Nobel Chemicals B.V. and Akzo Nobel Functional Chemicals, L.L.C.

D. Jarrett Arp, Gibson, Dunn & Crutcher, L.L.P., Washington, DC, Margaret Moran Zwisler, Howrey, Simon, Arnold & White, Washington, DC, for Atofina Chemicals, Inc.

## ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT

KOLLAR-KOTELLY, District Judge.

Upon review and consideration of the settlement agreement dated as of the 30th day of October, 2001, executed on behalf of Class Plaintiff and the Akzo Settlement Class (as defined therein) by Class Plaintiff's Counsel and on behalf of Akzo Nobel Chemicals B.V. and Akzo Nobel Functional Chemicals, L.L.C. (the "Settling Defendants") by their counsel, and the exhibits attached thereto (the "Settlement Agreement"), and for the reasons set forth therein, it is hereby **ORDERED** as follows:

### Preliminary Approval of Settlement and Certification of the Akzo Settlement Class

1. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Settlement Hearing provided for below. The Court finds that said settlement is sufficiently within the range of reasonableness so that notice of the proposed settlement should be given as provided in paragraphs 3 and 4 of this Order.

2. The Court hereby certifies the following Akzo Settlement Class:

> All persons or entities who directly purchased Monochloroacetic Acid in the United States or for delivery in the United States from any Defendant or their co-conspirators from September 1, 1995 through August 31, 1999. Excluded from the class are all governmental entities, Defendants, their co-conspirators and their respective subsidiaries and affiliates.

and, further, hereby conditionally finds that the Class Plaintiff is an adequate class representative for the Akzo Settlement Class. If the Settlement Agreement is terminated or is not consummated for any reasons whatso-

ever, the certification of the Akzo Settlement Class shall be void, and Settling Defendants shall have reserved all of their rights to oppose any and all class certification motions and to contest the adequacy of Class Plaintiff as representative of any putative plaintiff class.

3. As soon as practicable after entry of this Order, but no later than 40 days after the date of entry hereof, Class Plaintiff's Counsel shall cause copies of the Notice of Proposed Settlement and Settlement Hearing, substantially in the form attached as Exhibit B to the Settlement Agreement ("Mail Notice"), to be mailed by first class mail, postage pre-paid, to all potential members of the Akzo Settlement Class, to the extent that they can be identified with reasonable diligence, from information provided by Akzo pursuant to the terms of the Settlement Agreement.

4. Class Plaintiff's Counsel shall cause to be published the summary notices, substantially in the form attached as Exhibit B to the Settlement Agreement ("Publication Notice"), one day a week for two consecutive weeks in the national edition of THE WALL STREET JOURNAL and once in the CHEMICAL MARKET REPORTER, as soon as practicable after mailing of Notice, and in all events, at least 30 days prior to the Settlement Hearing.

5. Prior to the Settlement Hearing, Class Plaintiff's Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 3 and 4 of this Order.

6. The notice to be provided as set forth in paragraphs 3 and 4 of this Order is hereby found to be the best means of providing notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Settlement Hearing to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed.R.Civ.P. 23.

### Requests for Exclusion

7. Any member of the Akzo Settlement Class or any assignee or transferee thereof,

or successor thereto, that wishes to be excluded from the Akzo Settlement Class shall mail a written request for exclusion ("Request for Exclusion") to MCAA Antitrust Litigation, P.O. Box 480, Philadelphia, PA 19105-0480 (the "Claims Administrator"), by certified mail, return receipt requested, which must be postmarked by on or before March 25, 2002 and clearly state (i) the name and address of the person or entity that wishes to be excluded from the Akzo Settlement Class; (ii) all trade names or business names and addresses used by such person or entity and any of its parents, subsidiaries or affiliates that (a) directly purchased Monochloroacetic Acid in the United States or for delivery in the United States at any time during the time period September 1, 1995 through August 31, 1999 from a manufacturer of Monochloroacetic Acid or any subsidiary or affiliate thereof and (b) are also intended to be excluded from the Akzo Settlement Class and (iii) a person who, if necessary, may be contacted in connection with the Request for Exclusion and such person's telephone number. Upon receipt, the Claims Administrator shall promptly provide copies of each Request for Exclusion to Class Plaintiff's Counsel and, if they so request, counsel for the Settling Defendants. On or before April 20, 2002, the Claims Administrator shall provide to the Clerk of the Court and to Class Plaintiff's Counsel and the Settling Defendants a certified record of those members of the Akzo Settlement Class that have timely excluded themselves from the settlement.

8. Any potential member of the Akzo Settlement Class that does not properly and timely request exclusion from the Akzo Settlement Class shall be included in such Akzo Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers and covenants described in paragraphs 16, 17, and 20 thereof, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the Akzo Settlement Fund.

*Claim Forms*

9. Court-approved Claim Forms and a proposed plan of distribution shall be provided at a later date to members of the Akzo Settlement Class that have not timely and validly excluded themselves from the Akzo Settlement Class.

*The Settlement Hearing*

10. A hearing on final settlement approval (the "Settlement Hearing") is hereby scheduled to be held before the undersigned on May 10, 2002, at 9:00 a.m. in Courtroom No. 11, United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001 to consider the fairness, reasonableness and adequacy of the proposed settlement, the dismissal with prejudice of the Class Action with respect to the Settling Defendants and the entry of final judgment in the Class Action.

11. Any member of the Akzo Settlement Class that has not previously filed a Request for Exclusion in the manner set forth above may appear at the Settlement Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement and the dismissal with prejudice of the Class Action as to the Settling Defendants and the entry of final judgment; provided, however, that no person shall be heard in opposition to such settlement, dismissal and/or entry of final judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before April 5, 2002 such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the proposed settlement, the dismissal of claims and/or the entry of final judgment and any documentation in support of such opposition, and (b) serves copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the following counsel:

Michael D. Hausfeld, Esq.
Cohen, Milstein, Hausfeld

& Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500–West Tower
Washington, DC 20005–3964

Laurence T. Sorkin, Esq.
Cahill Gordon & Reindel
80 Pine Street
New York, N.Y. 10005–1702

12. The date and time of the Settlement Hearing shall be set forth in the Mail Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Akzo Settlement Class other than that notice which may be posted at the Court or on the Court's web site.

*Other Provisions*

13. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

14. Upon approval of the settlement provided for in the Settlement Agreement, the Settlement Agreement and each and every term and provision thereof, shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

15. In the event that the settlement is terminated in accordance with the provisions of the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Settling Defendants and the members of the Akzo Settlement Class.

16. All proceedings in the Class Action against Settling Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters final judgment as provided in the Settlement Agreement.

Appendix A

NOTICE OF CLASS ACTION SETTLEMENT WITH AKZO NOBEL AND HEARING THEREON

**TO: ALL PERSONS AND ENTITIES WHO DIRECTLY PURCHASED MONOCHLOROACETIC ACID OR SODIUM MONOCHLOROACETATE FROM A DEFENDANT OR ANY CO-CONSPIRATOR DURING THE PERIOD FROM SEPTEMBER 1, 1995 THROUGH AUGUST 31, 1999 IN THE UNITED STATES OR FOR DELIVERY IN THE UNITED STATES.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Columbia, that a hearing will be held on May 10, 2002 at 9:00 a.m., before the Hon. Colleen Kollar–Kotelly, United States District Judge, in Courtroom No. 11, United States Courthouse, located at 333 Constitution Avenue, N.W., Washington, D.C. 20001, for the purpose of determining whether the proposed settlement of the above-captioned litigation consisting of a cash payment equal to twenty percent of the sales of monochloroacetic acid and sodium monochloroacetate (collectively "MCAA") by defendants Akzo Nobel Chemicals B.V. and Akzo Nobel Functional Chemicals L.L.C. ("Akzo") in the United States during the period at issue (adjusted for claims previously resolved by Akzo) for the benefit of the above-referenced settlement class of purchasers of MCAA directly from a defendant or any co-conspirator from September 1, 1995 through August 31, 1999 in the United States or for delivery in the United States, in accordance with the terms and conditions of a settlement agreement between plaintiff and Akzo, dated as of October _, 2001 (the "Settlement Agreement"), on file with the Court, should be approved by the Court as fair, reasonable and adequate to the settlement class, and the above-entitled litigation should be dismissed on the merits and with prejudice as against Akzo, as provided in the Settlement Agreement. Plaintiff's counsel intend to make a request for an award of attorneys' fees and reimbursement of costs and expenses incurred in connection with this settlement at a point in the future.

Your rights may be affected by this litigation and the settlement thereof if you directly purchased MCAA from a defendant or co-conspirator in the United States or for delivery in the United States from September 1, 1995 through August 31, 1999.

If you have not received a printed Notice of Class Action Settlement With Akzo Nobel and Hearing Thereon ("Notice"), you may obtain a copy by writing to MCAA Antitrust Litigation, P.O. Box 480, Philadelphia, PA 19105–0480. The Notice contains further information regarding the proposed settlement with Akzo and the rights of Akzo Settlement Class Members with respect thereto.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: Dec. 20, 2001.

### Appendix B

**TO: ALL PERSONS AND ENTITIES WHO DIRECTLY PURCHASED MONOCHLOROACETIC ACID OR SODIUM MONOCHLOROACETATE FROM A DEFENDANT OR ANY CO-CONSPIRATOR DURING THE PERIOD FROM SEPTEMBER 1, 1995 THROUGH AUGUST 31, 1999 IN THE UNITED STATES OR FOR DELIVERY IN THE UNITED STATES.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**A SETTLEMENT HAS BEEN PROPOSED IN PENDING CLASS ACTION LITIGATION THAT MAY AFFECT YOUR RIGHTS. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS WITH AKZO NOBEL DESCRIBED BELOW, YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.**

**NOTICE IS HEREBY GIVEN,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Columbia ("the Court"), dated Dec. 20, 2001, that a settlement class (the "Akzo Settlement Class") has been certified by the Court and

that a hearing will be held before the Honorable Colleen Kollar–Kotelly, United States District Judge, in Courtroom No. 11, United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001, on May 10, 2002 at 9:00 a.m. (the "Settlement Hearing"), to determine whether a proposed settlement in the above-captioned litigation as to defendants Akzo Nobel Chemicals B.V. and Akzo Nobel Functional Chemicals L.L.C. (hereinafter "Akzo Nobel") as set forth in the Settlement Agreement dated as of _____, 2001 (the "Akzo Settlement Agreement"), is fair, reasonable and adequate to the Akzo Settlement Class.

### THE AKZO SETTLEMENT CLASS

The Akzo Settlement Class includes all persons and entities who directly purchased monochloroacetic acid or sodium monochloroacetate (collectively "MCAA") in the United States or for delivery in the United States from any Defendants or their co-conspirators (or any subsidiary or affiliate thereof), at any time during the period from September 1, 1995 through August 31, 1999 (excluding all governmental entities, any Defendants, their co-conspirators, and their respective subsidiaries and affiliates).

**IF YOU PURCHASED MCAA DIRECTLY FROM A DEFENDANT OR CO–CONSPIRATOR AT ANY TIME DURING THE PERIOD FROM SEPTEMBER 1, 1995 THROUGH AUGUST 31, 1999 IN THE UNITED STATES OR FOR DELIVERY IN THE UNITED STATES, YOU ARE A MEMBER OF THE AKZO SETTLEMENT CLASS AND YOU NEED NOT TAKE ANY ACTION TO REMAIN IN THE AKZO SETTLEMENT CLASS.**

**IF YOU REMAIN IN THE AKZO SETTLEMENT CLASS, YOUR RIGHTS UNDER THE SETTLEMENT WILL BE REPRESENTED BY THE CLASS PLAINTIFF AND CLASS PLAINTIFF'S COUNSEL, AND YOU WILL BE ENTITLED, AT A LATER POINT IN TIME, TO SUBMIT A CLAIM FORM TO SHARE IN THE AKZO SETTLEMENT FUND.**

Any and all transferees or assignees of, or successors to, the claims or rights of any member of the Akzo Settlement Class, which

claims are based on direct purchases of MCAA from September 1, 1995 through August 31, 1999 in the United States or for delivery in the United States from a defendant or co-conspirator (or any subsidiary or affiliate thereof), will be entitled to submit a Claim Form to share in the Akzo Settlement Fund and will be bound by the terms of the Settlement Agreement, if approved by the Court, and shall be required to exercise their rights under the Settlement Agreement in the same manner as members of the Akzo Settlement Class.

## SUMMARY OF THE AKZO SETTLEMENT

The Settlement Agreement, if approved by the Court, will result in a cash payment equal to twenty percent of the sales of monochloracetic acid and sodium monochloroacetate (collectively "MCAA") by Akzo Nobel (adjusted for claims previously resolved by Akzo Nobel) to be made available to the members of the Akzo Settlement Class (the "Akzo Settlement Fund") and the dismissal with prejudice of all claims against Akzo Nobel with respect to MCAA asserted in this action (the "Class Action") brought on behalf of direct purchasers. The amounts paid in settlement of the Class Action will be distributed among the members of the Akzo Settlement Class who submit timely and valid Claim Forms based on the amount of their purchases of MCAA during the relevant period, pursuant to the terms of the plan of allocation described below.

The Settlement Agreement also provides that, subject to the approval of the Court, an award of attorneys' fees for plaintiff's counsel will be sought at a later point in time, to be paid by Akzo Nobel, independently of the Akzo Settlement Fund.

## BACKGROUND OF THE CLASS ACTION

Class Plaintiff has filed a class action lawsuit in this Court against Akzo Nobel and others. Class Plaintiff alleges that certain defendants and their co-conspirators unlawfully agreed to fix, raise, maintain and stabilize the prices of MCAA sold in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Class Plaintiff claims that, as a result of this alleged price-fixing and other unlawful collusive conduct, it and other members of the Akzo Settlement Class paid more for MCAA than they would have paid absent such conduct. Class Plaintiff has now reached a negotiated settlement of the Class Action as to Akzo Nobel and, as of October, 2001 entered into the Settlement Agreement individually and on behalf of the Akzo Settlement Class. The Settlement Agreement is subject to approval by the Court following the Settlement Hearing. On Dec. 20, 2001 the Court certified the Akzo Settlement Class, conditionally designated the class plaintiff in the Class Action (the "Class Plaintiff") to be the representative of the Akzo Settlement Class, preliminarily approved the Settlement Agreement, and ordered that this Notice be provided to the members of the Akzo Settlement Class.

**THE COURT HAS NOT RULED ON ANY OF THE CLAIMS OR DEFENSES OF THE PARTIES. THIS NOTICE IS NOT TO BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION FROM THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY PLAINTIFF OR DEFENDANTS.**

## INVESTIGATION OF CLASS PLAINTIFF'S COUNSEL LEADING TO THE AKZO SETTLEMENT

As a result of public filings by Akzo Nobel in the United States and abroad and as a result of publicity concerning government investigations and a criminal case against Akzo Nobel involving MCAA, Class Plaintiff's Counsel began to investigate MCAA. Class Plaintiff's Counsel conducted extensive investigation of the facts relating to the claims alleged in the Class Action, and retained and consulted with various experts.

Based upon their extensive investigation, their consultation with experts retained by them and their evaluation of the claims of the members of the Akzo Settlement Class and defenses that might be asserted thereto, Class Plaintiff's Counsel believe that the settlement is fair, reasonable and adequate and

in the best interests of the Akzo Settlement Class.

## THE PROPOSED SETTLEMENT

The following description of the proposed settlement on behalf of the Akzo Settlement Class (the "Akzo Settlement") is only a summary. The Settlement Agreement, and the exhibits thereto, are on file with the Court.

### 1. The Akzo Settlement

Subject to the terms of the Settlement Agreement, Akzo Nobel has agreed to make a cash payment equal to twenty percent of the sales of MCAA by Akzo Nobel (adjusted for claims previously resolved by Akzo Nobel) within 10 business days after the parties execute the Agreement. The payment by Akzo Nobel, and any interest earned thereon, are referred to in this Notice as the "Akzo Settlement Fund."

Under the Settlement Agreement, Akzo Nobel has the right to terminate the settlement if purchasers, whose U.S. purchases from all defendants represent in the aggregate (in dollar volume) more than 10.0 percent of the sales of Akzo Nobel on which the Akzo Nobel payment is based, opt out. Purchases by purchasers who have resolved their antitrust claims with Akzo Nobel are not included for the purposes of this calculation.

After Final Approval and subject to prior Court order, disbursements may be made from the Settlement Fund to pay, on an interim basis, any reasonable costs and expenses. Such interim disbursements may be made prior to the time when the balance of the Settlement Fund less all taxes, costs and expenses payable therefrom is distributed to the members of the Akzo Settlement Class pursuant to a plan of distribution approved by the Court.

Akzo has also agreed to provide cooperation to Class Plaintiff in the ongoing litigation by providing access to non-privileged documents and to certain current and former officers, directors and employees.

### 2. Release of Claims against Akzo Nobel

IF YOU DO NOT EXCLUDE YOURSELF FROM THE AKZO SETTLEMENT CLASS AND THE SETTLEMENT AGREEMENT IS APPROVED BY THE COURT, YOU WILL BE BOUND BY ALL OF THE COURT'S ORDERS AND JUDGMENTS ENTERED PURSUANT TO THE AKZO SETTLEMENT AGREEMENT, INCLUDING THE DISMISSAL AND RELEASE OF YOUR CLAIMS, AS PROVIDED BELOW, REGARDLESS OF WHETHER YOU FILE A CLAIM FORM OR PARTICIPATE IN THE AKZO SETTLEMENT FUND.

In the event that the Court approves the Settlement Agreement after the Settlement Hearing, each member of the Akzo Settlement Class that did not timely and validly exclude itself from the Akzo Settlement Class shall (on its own behalf and on behalf of its direct and indirect parents, subsidiaries and affiliates, the present and former officers, directors, employees, agents and legal representatives of each of the foregoing, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing) (collectively, the "Releasors") completely release and forever discharge Akzo Nobel, its direct and indirect parents, subsidiaries and affiliates, the present and former officers, directors, members of any supervisory board or board of management, employees, agents and legal representatives of each of the foregoing, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing (with respect to any conduct of any of the above entities) (collectively, the "Releasees") from all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including without limitation costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, that such Releasor, whether directly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have, relating in

any way to any conduct prior to the date of the Settlement Agreement concerning the purchase, sale or pricing of MCAA or relating to any conduct alleged in the Class Action, including, without limitation, any such claims which have been asserted or could have been asserted in the Class Action against the Releasees or any of them (the "Released Claims"), except that this release shall not affect the rights of any Releasors (i) to seek damages or other relief from any person with respect to any MCAA purchased directly from the manufacturer (or any subsidiary or affiliate thereof) outside the United States for delivery to a destination outside the United States; or (ii) to participate in or benefit from any relief or other recovery as part of a settlement or judgment on behalf of a class of indirect purchasers of MCAA. The Releasees include Denak Co., Ltd.

In addition, each member of the Akzo Settlement Class shall waive and release with respect to the Released Claims, any and all provisions, rights and benefits conferred by (a) § 1542 of the California Civil Code, which reads:

> "Section 1542. *General release; extent.* A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor,"

and (b) any similar state, federal, or other law, rule or regulation, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each member of the Akzo Settlement Class may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims, but each member of the Akzo Settlement Class as a Releasor shall expressly agree that, upon the approval of the Settlement Agreement by the Court after the Settlement Hearing, it shall have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim

with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts.

The release and dismissal of the claims of the Akzo Settlement Class will have no effect upon any claims you may have against persons other than the Releasees. This litigation is proceeding against such persons. In addition, the release shall not release any product liability or breach of contract claims unrelated to the subject matter of the Class Action.

### 3. Attorneys' Fees and Expenses

Class Plaintiff's Counsel do not intend to file at this time a petition for payment of attorneys' fees and expenses. The Settlement Agreement provides that such expenses may be paid out of the Settlement Fund after Court approval. The Settlement Agreement also provides for a separate payment of attorneys' fees by Akzo Nobel after Court approval.

When Class Plaintiff's Counsel request attorneys' fees and reimbursement of litigation costs and expenses on behalf of all counsel for the named plaintiff in the Class Action ("Class Counsel"), you will be given notice of the request.

### 4. Filing and Processing of Claim Forms

If you are a member of the Akzo Settlement Class and do not exclude yourself from the Class and the settlement becomes effective in accordance with the terms of the Settlement Agreement, you will be entitled to share in the Akzo Settlement Fund. Claim Forms will be provided to you at a later point in time.

You should retain all documents that substantiate the purchases of MCAA that you will claim on your Claim Form.

To the extent that you have previously entered into an agreement with any Releasee that settles or compromises antitrust claims based on purchases of MCAA during the period identified above, you may not claim or recover under the Settlement Agreement

with respect to any purchases of MCAA covered by the previous settlement.

### 5. Plan of Allocation and Distribution of the Akzo Settlement Fund

The Akzo Settlement Fund will be distributed to members of the Akzo Settlement Class at a later point in time. Akzo Settlement Class members that submit timely and valid Claim Forms and whose Claims are allowed by the Court ("Authorized Claimants") will receive a distribution. The distribution will take place after the following: (1) final approval of the settlement by the Court and the expiration of any period for further review or appeal of the Court's order of approval or the resolution of any such review or appeal; (2) distribution of the Claim Forms and their receipt by the Claims Administrator; (3) review of the Claim Forms by the Claims Administrator and the determination of the amounts recommended to be paid to Claimants; and (4) approval by the Court of the Claims Administrator's recommendations as to the amounts to be paid to Authorized Claimants.

Distribution of the Akzo Settlement Fund will be based on Authorized Claimants' direct purchases of MCAA in the United States or for delivery to a destination in the United States from a defendant or co-conspirator (or its subsidiary or affiliate) during the period from September 1, 1995 through August 31, 1999. If you purchased MCAA in years other than those for which compensation may be had, you will not be entitled to recover with respect to those purchases. If you did not purchase any MCAA during the period for which Akzo Settlement Class members are entitled to recover, you are not a member of the Akzo Settlement Class, and you are not entitled to any recovery under the Settlement Agreement.

Please note that submission of a Claim Form does not necessarily assure the right to payment thereunder. The Court may deny, in whole or in part, any claim if it determines that the Claimant is excluded from the definition of the Akzo Settlement Class or if there are legal or equitable grounds for rejecting such claim.

### REQUESTS FOR EXCLUSION

If you wish to exclude yourself from the Akzo Settlement Class, you must do so by sending a written request for exclusion, by certified mail, return receipt requested, postage prepaid, postmarked on or before March 25, 2002 to the following address.

MCAA Antitrust Litigation
P.O. Box 480
Philadelphia, PA 19105–0480

The request for exclusion must clearly state the name and address of the person or entity who wishes to be excluded from the Akzo Settlement Class, as well as all trade names or business names and addresses used by such person or entity and any of its parents, subsidiaries or affiliates that purchased MCAA during the period from September 1, 1995 through August 31, 1999 and are also intended to be excluded from the Akzo Settlement Class.

**IN ORDER TO BE EXCLUDED FROM THE AKZO SETTLEMENT CLASS, YOU MUST TIMELY REQUEST EXCLUSION IN THE MANNER SET FORTH ABOVE EVEN IF YOU HAVE FILED OR HEREAFTER FILE YOUR OWN LAWSUIT AGAINST ANY OF THE DEFENDANTS BASED ON CLAIMS THAT ARISE OUT OF THE CONDUCT AT ISSUE IN THIS LITIGATION.**

If you properly and timely submit a request for exclusion from the Akzo Settlement Class, you will not be bound by the Settlement Agreement or any judgment or orders entered pursuant thereto, and you will not be entitled to share in the Akzo Settlement Fund and will not receive any of the other benefits of the Akzo Settlement. You will be free to pursue whatever legal rights you may have against any of the Releasees at your own cost and expense.

### SETTLEMENT HEARING

At the Settlement Hearing, the Court will consider whether the Akzo Settlement Agreement should be approved as fair, adequate and reasonable to the Akzo Settlement Class and whether the claims of the Akzo Settlement Class should be dismissed with

prejudice as to the Releasees that are defendants in the Class Action, as provided in the Settlement Agreement. Any member of the Akzo Settlement Class that has not requested to be excluded from the Akzo Settlement Class is entitled to appear and be heard at the Settlement Hearing, in person or through duly authorized attorneys, and to show cause why the settlement should not be approved as fair, reasonable and adequate, *provided, however*, that no such person shall be heard in opposition to any of the foregoing, and no paper or brief submitted by such person shall be received or considered by the Court unless, on or before April 5, 2002 such person files a notice of intention to appear, and a statement of the position to be asserted, and the grounds therefor, together with copies of any supporting papers or brief with the Clerk, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C., 20001, with proof of service upon the counsel identified below:

Michael D. Hausfeld, Esq.
Cohen, Milstein, Hausfeld
  & Toll, P.L.L.C.
1100 New York Avenue
West Tower, Suite 500
Washington, D.C. 20005–3964

Laurence T. Sorkin, Esq.
Cahill Gordon & Reindel
80 Pine Street
New York, N.Y. 10005–1702

No person shall be entitled to contest the terms and conditions of the Akzo Settlement Agreement, unless the procedures set forth above are complied with, and persons who fail to object as provided herein shall be deemed to have waived and shall be foreclosed forever from raising any such objections or appealing from any orders or judgments entered with respect to the Settlement Agreement.

The time and date of the hearing may be continued from time to time. Notice of any such continuance shall be posted at the United States Courthouse.

## ADDITIONAL INFORMATION

**THE ABOVE IS ONLY A SUMMARY OF THE SETTLEMENT AGREEMENT AND RELATED MATTERS.**

For more detailed information concerning the matters involved in the litigation, reference is made to the pleadings, to the Settlement Agreement, to the Orders entered by the Court and to the other papers filed in the Class Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001 during regular business hours.

**ALL INQUIRIES CONCERNING THIS NOTICE AND THE SETTLEMENT AGREEMENT SHOULD BE DIRECTED TO CLASS PLAINTIFF'S COUNSEL, *IN WRITING*, AT THE ADDRESS SET FORTH BELOW.**

Michael D. Hausfeld, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
West Tower, Suite 500
1100 New York Avenue, N.W.
Washington, D.C. 20005–3964

**INQUIRIES SHOULD NOT BE MADE BY TELEPHONE AND SHOULD NOT BE DIRECTED TO THE COURT**

*BY ORDER OF THE COURT:*
*DATED:* Dec. 20, 2001
*COLLEEN KOLLAR-KOTELLY, JUDGE*

*UNITED STATES DISTRICT COURT*

*FOR THE DISTRICT OF COLUMBIA*

**If you change your address, or if this Notice was not mailed to your correct address, you should immediately provide your correct address to *MCAA Antitrust Litigation*, P.O. Box 480, Philadelphia, PA 19105–0480. If the Claims Administrator does not have your correct address, you may not receive notice of important developments in this litigation.**